UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD ALEX STEVENSON,<br><br>                          Petitioner,<br>        v.<br><br>ROBERT LEGRAND, et al.,<br><br>                          Respondents. | Case No. 3:14-cv-00160-MMD-VPC<br><br>ORDER |

Petitioner has paid the filing fee. Before the Court is his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion to amend petition (dkt. no. 6), and a proposed amended petition. The Court grants petitioner's motion to amend. The Court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the Court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (*quoting Pace*, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (*quoting Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624. The petitioner effectively files a federal petition when he mails it to the court. *Stillman v. Lamarque*, 319 F.3d 1199,

1201 (9th Cir. 2003). The Court can raise the issue of timeliness on its own motion. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a guilty plea agreement in state district court, petitioner was convicted of three counts of use of a minor in producing pornography and one count of possession of visual pornography of a person under sixteen (16) years of age. The guilty plea agreement expressly preserved some issues for appeal, and petitioner appealed. The Nevada Supreme Court affirmed on January 7, 2005, and then denied a petition for rehearing on March 3, 2005. The judgment of conviction became final on June 1, 2005.

The one-year period of § 2244(d)(1) was immediately tolled because petitioner filed his first state post-conviction habeas corpus petition on May 18, 2005. The state district court denied the petition, and petitioner appealed. The Nevada Supreme Court affirmed on September 12, 2006. The Court takes judicial notice of the docket of the Nevada Supreme Court in *Stevenson v. State*, No. 46795.[1] Remittitur issued on October 10, 2006, and the one-year period effectively started the next day.

On October 24, 2006, petitioner mailed his first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 to this Court, *Stevenson v. Palmer*, No. 3:06-cv-00571-BES-VPC. This Court dismissed the petition because it was mixed, containing grounds both exhausted and not exhausted in state court. The proceedings ultimately concluded on October 3, 2011, when the Supreme Court of the United States denied a petition for a writ of certiorari. These proceedings did not toll the one-year period of § 2244(d)(1). *Walker*, 533 U.S. at 181-82.

On June 21, 2012, petitioner filed in state district court a motion to correct an illegal sentence. The state district court denied the motion. Petitioner appealed. On May 13, 2013, the Nevada Supreme Court affirmed. It concluded that the motion fell outside

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=14649 (report generated August 27, 2014).

1 the allowable, limited scope for such a motion because petitioner did not demonstrate
2 that his sentence was facially illegal or that the district court lacked jurisdiction. The
3 Court takes judicial notice of the docket of the Nevada Supreme Court in *Stevenson v.*
4 *State*, No. 61872.[2] The Nevada Supreme Court denied rehearing on July 24, 2013.
5 Remittitur issued on August 23, 2013.

6 Also on June 21, 2012, petitioner filed his second state post-conviction habeas corpus petition. The state district court denied the petition, and petitioner appealed. The Nevada Supreme Court affirmed on January 15, 2014. It held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1), and that the petition also was barred because it was successive and abusive of the writ. The Court takes judicial notice of the docket of the Nevada Supreme Court in *Stevenson v. State*, No. 63028.[3] Remittitur issued on February 11, 2014. These proceedings were not eligible to toll the one-year period of § 2244(d)(1) because they were untimely. *Pace*, 544 U.S. at 417.

14 Petitioner mailed his original federal habeas corpus petition pursuant to 28 U.S.C. § 2254 to this court on March 25, 2014.

16 On its face, this action is untimely. As noted above, the first state post-conviction habeas corpus petition tolled the one-year period immediately upon the finality of petitioner's judgment of conviction. Therefore, petitioner had one year from October 10, 2006, to file a federal habeas corpus petition. The federal habeas corpus petition in *Stevenson v. Palmer*, No. 3:06-cv-00571-BES-VPC, mailed to this Court on October 24, 2006, was timely, but it did not toll the one-year period of limitation for any subsequent federal habeas corpus petition. No post-conviction petitions or motions were pending in the state courts in the year after October 10, 2006, and the one-year period of § 2244(d)(1) expired at the end of October 10, 2007. Even if petitioner's illegal-sentence motion and second post-conviction state habeas corpus petition were eligible for tolling

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30044 (report generated August 27, 2014).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31210 (report generated August 27, 2014).

4

pursuant to § 2244(d)(2), petitioner filed them on June 21, 2012, more than four (4) years and eight (8) months after the period of limitation had expired, and there was no time left to be tolled. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner needs to show cause why the Court should not dismiss this action as untimely.

It is therefore ordered that petitioner's motion to amend (dkt. no. 6) is granted.

It is further ordered that the Clerk of the Court shall file the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which currently is attached to the motion to amend (dkt. no. 6).

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that the Clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

DATED THIS 27th day of August 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE